IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal Action No. 3:03-CR-224-L |
| KATRINA GREENE | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant's Motion for Withdrawal of Guilty Plea, filed February 11, 2004; and Defendant's Supplemental Motion for Withdrawal of Guilty Plea, filed February 20, 2004. After careful consideration of the motion, supplement and response to the supplement, record, hearing on February 17, 2004, and applicable law, the court **denies** Defendant's Motion for Withdrawal of Guilty Plea and Defendant's Supplemental Motion for Withdrawal of Guilty Plea.

### I. Background

On June 25, 2003, the grand jury indicted Defendant Katrina Greene ("Defendant" or "Greene") for the offense of uttering and possessing forged securities, a violation of Title 18 U.S.C. § 513(a). On October 27, 2003, Greene signed a plea agreement in which she admitted that her "plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement." Plea Agreement ¶ 10. Greene also signed a factual resume on October 27, 2003. In her factual resume, Greene admits that she committed the essential elements of an offense under Title 18 U.S.C. § 513(a).* On November 3, 2003, at Greene's

---

*The essential elements are those factual matters which the government must prove beyond a reasonable doubt to obtain a conviction, and they are: (1) that Greene made, uttered or possessed a security of an organization; (2) that the security was forged, that is, that it purported to be genuine but was not because it [w]as falsely altered; (3) that the security was of an "organization" as defined in 18 U.S.C. § 513(c)(4),

**Memorandum Opinion and Order - Page 1**

rearraignment, the court accepted Greene's guilty plea and found her guilty of violating 18 U.S.C. § 513(a). The court set Greene's sentencing for February 2, 2004.

On February 2, 2004, the court held a sentencing hearing for Greene. After the court had ruled on all outstanding matters and given the parties a chance to address the court, it pronounced sentence. Immediately after the court sentenced Greene to thirteen months in prison and ordered her to pay restitution in the amount of $127,219.29, she fainted and fell to the courtroom floor. The court recessed, and emergency personnel arrived to attend to Greene.

## II. Standard for Withdrawal of Guilty Plea

Prior to sentencing, the court may use its discretion to grant a motion to withdraw a guilty plea if the defendant presents a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001). There is no absolute right to withdraw a guilty plea, and the defendant bears the burden of establishing a fair and just reason for withdrawal. *United States v. Brewster*, 137 F.3d 853, 857-58 (5th Cir. 1998). When ruling on the motion, the court should consider whether: (1) the defendant asserted her innocence; (2) withdrawal would prejudice the government; (3) the defendant delayed in filing the withdrawal motion; (4) withdrawal would inconvenience the court; (5) adequate assistance of counsel was available; (6) the plea was knowing and voluntary; and (7) withdrawal would waste judicial resources. *United States v. Mendoza-Mata*, 322 F.3d 829, 834 (5th Cir. 2003) (citing *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984)).

The court need not make a finding as to each *Carr* factor, as it makes its determination based on the totality of the circumstances. *United States v. Powell*, 354 F.3d 362, 370-71 (5th Cir. 2003);

---

which includes a corporation that operates in, or the activities of which, affect interstate or foreign commerce; and (4) that Greene acted with intent to deceive another person, organization, or government.

**Memorandum Opinion and Order - Page 2**

*Brewster*, 137 F.3d at 858. Moreover, a defendant's assertion of conclusory allegations does not warrant withdrawal of a plea of guilty, at least where such allegations are clearly refuted by the record. *United States v. Bounds*, 943 F.2d 541, 543 (5th Cir. 1991).

### III. Analysis

The court, although not required to do so, has made individualized findings as to each *Carr* factor. Based upon a totality of the circumstances, the court finds that Greene fails to establish a fair and just reason why her guilty plea should be withdrawn. Accordingly, the court, for the reasons herein stated, will deny Greene's motion to withdraw guilty plea.

#### A. Knowing and Voluntary

Greene contends that the guilty plea she entered at her rearraignment was not knowing and voluntary because of her prior "[c]ounsel's errors and deficiencies with regard to the factual issues presented in this case." For a plea to be knowing and voluntary, a "defendant must be advised of and understand the consequences of the [guilty] plea." *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992) (citing *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). The consequences of a guilty plea, with respect to sentencing, "mean only that the defendant must know the maximum prison term and fine for the offense charged." *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990) (citations and quotations omitted). This court specifically informed Greene, as the record establishes, of the maximum statutory sentence (ten years) and fine ($250,000) that she could receive for the offense to which she pleaded guilty. The court also inquired whether Greene and her then-counsel had discussed the Sentencing Guidelines' range of punishment, and she answered that they had discussed the possible guideline range, that is, the sentence she could receive under the Sentencing Guidelines. Moreover, the court informed Greene of certain rights that she

would lose (right to vote, right to serve on a jury, right to hold public office, and right to possess a firearm) if the court accepted her plea and adjudged her guilty of the felony to which she intended to plead guilty. Greene stated she understood that she would lose these rights.

Further evidence in the record establishes that Greene was aware of the consequences of her plea. The plea agreement she voluntarily signed correctly states the maximum statutory term of imprisonment and fine. *See* Plea Agreement at 1-2. Prior to accepting her plea, the court informed Greene about these statutory maximums. Thereafter, Greene acknowledged that she realized what the possible punishment entailed if she entered a plea of guilty. She also stated that she understood the essential elements of a violation of 18 U.S.C. § 513(a), and then admitted to committing each. In addition, she averred that the facts set forth in the factual resume were true and correct. Finally, Greene confirmed her understanding that, by pleading guilty, she would be adjudged guilty of the offenses charged in the one-count indictment and waive her right to appeal or otherwise challenge her sentence, except in the limited circumstances set forth in the plea agreement. Greene made these acknowledgments under oath in open court, and each carries a strong presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Lampazianie*, 251 F.3d at 524.

Finally, the court asked questions to ensure that the plea of guilty was voluntary, of Greene's own free will, and because she was in fact guilty. Greene answered these questions "yes" under oath. With respect to the involuntariness of her plea, nothing comes even marginally close to establishing that Greene's plea was "so much the product of . . . misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." *Blackledge*, 431 U.S. at 75.

**Memorandum Opinion and Order - Page 4**

Accordingly, it is without cavil that Greene was fully aware of the consequences of her guilty plea. For this reason, the "knowing and voluntary" factor weighs against allowing Greene to withdraw her plea of guilty.

### B. Delay and Assertion of Innocence

The first time Greene asserted her innocence after her plea of guilty was on February 11, 2004, which was more than three months after her plea of guilty on November 3, 2003. This was nine days after her sentencing hearing on February 2, 2004, at which she fainted and fell to the courtroom floor immediately after the court sentenced her to 13 months and ordered her to pay restitution in the amount of $127,219.29.

The "rationale for allowing a defendant to withdraw a guilty plea is to permit [her] to undo a plea that was unknowingly made at the time it was entered." *Carr*, 740 F.3d at 345 (citing *Everett v. United States*, 336 F.2d 979, 984 (D.C. Cir. 1964)). The purpose is not to enable a defendant "to make a *tactical decision* to enter a plea, *wait several weeks*, and then obtain a withdrawal if [she] believes that [she] made a bad choice in pleading guilty." *Id.* (emphasis added). The court in *Carr* found defendant's motion to withdraw to be "not promptly filed" when defendant filed a motion 22 days after entering his guilty plea. *See Carr*, 740 F.2d at 345. Moreover, the court in *Brewster* denied defendant's motion to withdraw his plea of guilty where defendant sought to withdraw three months after his plea. *See Brewster*, 137 F.3d at 858. In this case, Greene waited 100 days to withdraw her guilty plea. Based on the facts and applicable law, these two factors weigh against allowing Greene to withdraw her guilty plea.

### C. Prejudice to the Government

Greene asserts that no prejudice to the government would occur if the court were to allow her to withdraw her guilty plea. The government presented argument that it would be inconvenienced and additional time would be expended to litigate this case and get it prepared for trial. The court agrees; however, the government has not presented any evidence that it would be legally prejudiced in prosecuting this case, that is, that witnesses have disappeared or are no longer available, or that documentary evidence is no longer available. In other words, the government could effectively prosecute this case and present it to a jury for determination. Accordingly, this factor weighs in favor of allowing Greene to withdraw her guilty plea.

### D. Ineffective Assistance of Counsel

Greene contends that her prior counsel failed to investigate properly and determine adequate grounds for defending this case. Greene does not explain this contention in detail, but apparently she contends that she had authority to write the checks in question because of her relationship with one of the principals of Advanced Medical Services ("AMS") and that she was authorized to receive the funds in question. According to Greene, had her prior counsel conducted the proper investigation in this respect, she could have mounted a meritorious defense to the charge against her. Greene also contends that her prior counsel failed to file a motion for downward departure because of her son. The court supposes that this motion would have been based on family ties and whether there was any person suitable to care for her son. Perhaps, Greene believes her prior counsel should have also filed a motion to depart based on aberrant behavior.

The problem with Greene's argument regarding her prior counsel is that she totally overlooks her admitted conduct and the role she played in the commission of the offense to which she pleaded guilty. Greene "admits that she made, uttered and possessed 82 checks of an organization [AMS]

**Memorandum Opinion and Order - Page 6**

that purported to be genuine but were not because they had been falsely completed and signed, and she did so with the intent to deceive another person, organization or government." Factual Resume at 2. Greene wrote the checks to herself and admitted that she "was not authorized to write these checks to herself." *Id.* Greene signed the factual resume.

The court observed Greene for approximately thirty minutes at her rearraignment, and at no time did she indicate or state that she was reluctant or uncomfortable about pleading guilty. She did appear embarrassed and nervous about the proceedings, but such is the case with many persons who enter a plea of guilty.

Moreover, the matters concerning Greene's prior counsel go to the appropriateness of the sentence she should receive, as they relate to mitigating factors, not her guilt. The court is convinced that Greene was dissatisfied with the sentence originally imposed by the court. This is so because she did not faint and fall to the floor until the court sentenced her to thirteen months and ordered her to pay restitution of $127, 219. 29. She apparently was expecting to be placed on probation rather than serve time in prison.

In any event, in light of *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer mandatory; they are advisory only. The court sentenced Greene before the *Booker* decision and will have to re-sentence her in light of *Booker*. At the new sentencing, Greene will have an opportunity to address the Sentencing Guidelines and the sentencing factors set forth in 18 U.S.C. § 3553(a). Likewise, she will have an opportunity to present evidence on any mitigating factors and to argue why the court should impose a sentence outside the applicable range under the Sentencing Guidelines. Since Greene has obtained new counsel and will have an opportunity to present evidence regarding mitigating factors with respect to re-sentencing, her

concerns regarding her prior counsel are really moot. Moreover, the court determines that Greene has not shown that her prior "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). From the court's perspective, adequate assistance from counsel was available during the time that Plaintiff's prior counsel represented her. For all reasons stated herein, this factor weighs against allowing Greene to withdraw her guilty plea.

### E. Substantial Inconvenience to the Court and Waste of Judicial Resources

With respect to whether the withdrawal of the guilty plea would substantially inconvenience the court or would waste judicial resources, it is axiomatic that additional time would be expended if the court were to allow Greene to withdraw her guilty plea and the matter proceed to trial; however, these factors are of no moment in this case. The court does not base this or any decision on the amount of time it would take to decide constitutional issues and matters that relate to one's guilt or innocence, as it expends whatever time is necessary to decide such matters. Put another way, these two factors do not negatively affect the court's consideration of Defendant's motion. The court's decision to deny Greene's motion is based on the overwhelming strength of the factors that do not weigh in favor of withdrawal of the guilty plea.

### IV. Conclusion

For the reasons stated herein, the court determines that the totality of circumstances does not establish a fair and just reason for allowing Greene to withdraw her guilty plea. Accordingly, the court **denies** Defendant's Motion for Withdrawal of Guilty Plea and Defendant's Supplemental

Motion for Withdrawal of Guilty Plea. The court **will issue** a new sentencing scheduling order by separate document.

**It is so ordered** this 19th day of May, 2006.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 9**